Learned, P. J.
The place where the trespass was committed had been a highway prior to September 26, 1885. The-question is, whether it was then legally discontinued. If it was, the defendant committed a trespass by going on plaintiff’s land. If it was not, he did not.
We think that this highway was legally discontinued. The ground of alleged irregularity is the failure of the town, clerk to post notice of the order of discontinuance in the place where town meetings are had. Assuming that such notice was not posted, we think the order was still legal. That was a duty imposed on the town clerk. His failure to perform it does not make the order invalid. The time to appeal does not run from the posting of the notice, so that such posting is not treated as a necessary part of the proceedings. The posting is evidently intended for the information of the public, and the town clerk may have been culpable in neglecting to post the notice. But we cannot consider the posting as requisite to the validity of the order.
As to the release of damages for the taking of the new road, that is probably a matter immaterial to the case. At any rate, it appears that the plaintiff, over whose land the new road ran, not only petitioned for the change, but himself worked and opened the new road. It certainly does not lie with the defendant to object that there was no formal release. He could have gone over the new road without fear of committing a trespass thereby.
We have nothing to do with the merits of the opening of the new road and discontinuance of the old.
Judgment ordered for plaintiff on verdict, with costs.
T i andón and Mayham, JJ., concur.